```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
       NORTHEASTERN DIVISION
```

TYLER SCOTT GALLAHER          ]
     Plaintiff,               ]
                              ]
v.                            ]          No. 2:14-0017
                              ]          Judge Sharp
W.B. MELTON, et al.           ]
     Defendants.              ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Overton County Justice Center in Livingston, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against W.B. Melton, Sheriff of Overton County; and Shannon Harvey, Administrator of the Overton County Justice Center; seeking unspecified relief.

The plaintiff claims to be a practicing Muslim. He alleges that officials at the Overton County Justice Center are aware of this fact but refuse to provide him with a diet consistent with his religious beliefs.

In his Statement of Facts, the plaintiff never mentions W.B. Melton. *See* Docket Entry No.1 at pg.5. In the absence of specific allegations suggesting misconduct on the part of W.B. Melton, it must be assumed that this defendant is being sued because he is the Sheriff of Overton County.

1

The plaintiff, however, can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121,128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that Sheriff Melton had knowledge of the plaintiff's alleged religious requirements or participated, either directly or indirectly, in the decision to deny the plaintiff a particular diet. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against Sheriff Melton upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

This action is being brought against Shannon Harvey in her official capacity only. Because the plaintiff in an official capacity action seeks relief not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an

official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Overton County, the municipal entity that operates the Justice Center. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Overton County or its agent, the Overton County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Overton County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Overton County. Consequently, the plaintiff has failed to state a claim against Shannon Harvey acting in her official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge